UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Laurel C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18 CV 50196 |
| ) | Magistrate Judge Lisa A. Jensen |
| Andrew Saul, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff has moved for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(a), (d). Dkt. 27. For the following reasons, Plaintiff's motion is granted.

### I. BACKGROUND

Plaintiff filed an application for disability insurance benefits in October 2014, which was denied by an administrative law judge ("ALJ") in April 2017. Plaintiff appealed the ALJ's decision, and in November 2019 this Court remanded the case, finding error in the vocational expert's vague or ambiguous answer that contained sufficient warning signs to trigger the ALJ's independent duty to investigate.

Plaintiff filed a motion for attorney's fees pursuant to the EAJA, seeking an award of $6,817.89 in attorney fees and $400 in costs. Dkt. 27 at 3. This request is based on an hourly rate between $201.98 and $206.49 for time billed between May 2018 and January 2020. Dkt. 26-3. The Commissioner responded that, while it does not contest the entitlement to the fees and costs, it contests the unreasonableness of Plaintiff's fee request. Dkt. 29 at 1. After the original motion was fully briefed, this Court found that Plaintiff failed to provide the requisite evidence to justify a higher rate as required by the Seventh Circuit. *See Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). Accordingly, this Court allowed Plaintiff to supplement her motion. Plaintiff has supplemented her motion and the Commissioner has responded, so the motion is ripe for ruling.

### II. DISCUSSION

The EAJA allows a "prevailing party" to receive attorney's fees for work performed in a judicial proceeding challenging an administrative denial of social security benefits, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

1

Here, Plaintiff is the prevailing party and her motion is timely. The Commissioner does not dispute that Plaintiff is entitled to an award of fees and costs in this case. As referenced above, the Commissioner focuses on the argument that Plaintiff's request, namely the requested hourly rate and number of hours expended, is unreasonable.

1. Reasonableness of requested rate

Plaintiff requests that the Court allow for an increase of the hourly rate to reflect the National Consumer Price Index ("CPI"), accounting for the monthly changes. The Commissioner makes two arguments against the hourly rate Plaintiff requests. First, the Commissioner argues that Plaintiff has failed to justify an increase in the statutory $125 per hour cap established by the EAJA. Second, the Commissioner argues that, should the cap be adjusted, it should be according to the Midwest CPI, rather than the National CPI.

*A. Justification for an increased rate*

The EAJA contemplates the award of fees based upon "prevailing market rates for the kind and quality of the services furnished" up to a presumptive cap of $125 per hour. *Id*. § 2412(d)(2)(A). However, that cap may be exceeded when the court determines that an increase in the cost of living or a special factor justifies a higher fee." *Id*. § 2412(d)(2)(A)(ii). In 2015, the Seventh Circuit held that "[c]ourts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed." *Sprinkle*, 777 F.3d at 428. However, while the CPI suffices as proof of an increase in the cost of living, claimants must still provide evidence that their requested rate is "in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Id.* Attorney affidavits, or in some cases even a single sworn statement from a claimant's attorney setting forth the prevailing market rate, can be sufficient for this purpose. *Id.* at 428-29.

With respect to the issue of justifying an increase in the statutory cap, Plaintiff supports her requested hourly attorney rates with two relevant pieces of evidence. These include a table from the U.S. Bureau of Labor Statistics of the CPI for All Urban Consumers, Dkt. 26-4, and an affidavit from Attorney Stephanie Seibold stating $250 is a reasonable hourly rate for federal services, and that she typically charges between the Midwest CPI and National CPI for EAJA fees. Dkt. 33-1. The Commissioner argues that, absent Plaintiff's attorney's own affidavit, it is impossible to demonstrate whether she is of reasonably comparable skill, experience, and reputation to Ms. Seibold. Dkt. 36 at 2. The Commissioner also points out that, while Ms. Seibold has appeared in 165 Social Security cases since 2014, Plaintiff's attorney has appeared in seven, which further demonstrates a lack of comparability between the two. *Id*.

In *Abhsie v. Berryhill*, No. 16 CV 7357, 2017 WL 4804741 (N.D. Ill. Oct. 25, 2017), the Commissioner made a similar argument. There, the Commissioner took issue with the fact that the affidavits the plaintiff submitted showing that the requested rate was "in line" with those prevailing in the community had come from other attorneys who were more "seasoned practitioners," compared to the claimant's attorney who was significantly less experienced. *Id*. at *2. The *Abhsie* court noted that the Seventh Circuit in *Sprinkle* had found similar affidavits from more experienced

2

practitioners "more than sufficient" to support a finding that the proposed rate was acceptable despite the claimant's attorney's relative inexperience. *Id*. (citation omitted). The present case is similar. Plaintiff's counsel may be less experienced than the attorney who provided an affidavit, but the Seventh Circuit's ruling in *Sprinkle* demonstrates that this does not preclude Plaintiff's counsel from receiving a similar rate under the EAJA. Moreover, the Seventh Circuit stated that "*[a]n affidavit from a single attorney* testifying to the prevailing market rate in the community" may suffice to meet the burden of "proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle*, 777 F.3d at 423 (emphasis added). Accordingly, the Court finds that an increased hourly rate would be justified for Plaintiff's attorney in this case.

*B. CPI standard*

Regarding the issue of applying either the Midwest or National CPI, Plaintiff's only argument is that it is within the Court's discretion to utilize the National, rather than the Midwest, CPI when assessing the billable rate because there is no set standard. Dkt. 31 at 2. The Commissioner concedes that the Seventh Circuit has not required district courts to adopt one CPI over another. Dkt. 29 at 3. The Commissioner nonetheless argues that this Court should apply the Midwest CPI and supports this argument with two points. First, the Commissioner relies on *Jacquelyn D. v. Berryhill*, No. 16-11434, 2019 WL 2327620, at *2 (N.D. Ill. May 31, 2019), and points out that the court cited only one case that utilized the National CPI but cited three cases that used the regional CPI. Dkt. 29 at 3. Second, the Commissioner argues that the statute's language mandates use of a regional CPI. *Id*. at 4.

The Court finds the Commissioner's first point to be unpersuasive. The Commissioner seems to imply, based on a few cases cited by one court, that most courts would utilize the Midwest CPI. However, based on this Court's research, numerous courts within the Seventh Circuit that have recently analyzed the CPI issue have decided to use the National CPI, finding that the national measure results in a fee award more in line with the prevailing market rate. *Cummings v. Berryhill*, No. 14 CV 10180, 2017 WL 926766, at *3 (N.D. Ill. Mar. 8, 2017) (collecting cases). In response to the Commissioner's point concerning the statutory language, this Court finds that the language of the EAJA supports use of the National CPI. In *Jensen v. Berryhill*, 343 F. Supp. 3d 860 (E.D. Wis. 2018), the court pointed out that the statute "created a uniform, nation-wide cap of $125/hour, notwithstanding the obvious fact that the cost-of-living and the prevailing market rate for legal services vary greatly on a regional and local level throughout the United States." *Id*. 865 (internal citation and quotation marks omitted). Therefore, it would be strange to interpret the EAJA, which has a nationwide application with an expressly set out uniform standard, to devolve thereafter into a local, varying standard. *Id*. Moreover, that court noted that, "[e]ven if a regional CPI would best reflect the 'prevailing market rate' for certain matters, social security cases seem to be different." *Id*. at 866. Based on the Court's discretion and the reasons stated, the Court concludes that applying the National CPI is appropriate.

Plaintiff has presented calculations based on the CPI-U, which has been approved by the Seventh Circuit and is frequently used in this district, *e.g.*, *Spraggins v. Berryhill*, No. 16 C 7304, 2018 WL 661553, at *2 (N.D. Ill. Feb. 1, 2018), along with an affidavit from an experienced

3

practitioner that the fee sought is appropriate. The Court finds that this is sufficient to justify the requested rate under *Sprinkle*, 777 F.3d at 428-29.

2. Reasonableness of hours expended

The Commissioner argues that the number of hours for which Plaintiff seeks reimbursement is unreasonable, yet also admits that he "is 'nit-picking' plaintiff's time records." Dkt. 29 at 7. The Commissioner first takes issue with Plaintiff's attorney's billing increment. Dkt. 29 at 7-8. However, Plaintiff's counsel's method of billing is not barred by the EAJA, nor is there another statutory provision forbidding billing in quarter-hour segments. *See Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, at *2 (N.D. Ill. May 28, 2010). Accordingly, the Court concludes that the billing increment used is reasonable.

The Commissioner then criticizes as excessive various amounts of time Plaintiff's counsel recorded for specific tasks. Dkt 29. at 8-10. Plaintiff responds that, for certain tasks, the length was due to the Government shutdown that occurred during the pendency of this case, as she had to review uncommon orders and engage in extra communication relating to that issue. Dkt. 31 at 3. Plaintiff also, for several of the Commissioner's complaints, provided an explanation of her counsel's work procedures to justify the time spent. Dkt. 31 at 3-4.

Ultimately, the Court finds that the Commissioner was hyper-critical in its analysis, especially given the reasonable explanations provided by Plaintiff's counsel. Moreover, Plaintiff requests a total of 33.5 hours, which courts in this circuit would consider to be reasonable, and perhaps even low, for a social security appeal. *See Spraggins,* 2018 WL 661553, at *1 (N.D. Ill. Feb. 1, 2018) (stating that courts in the district routinely held that spending 40 to 60 hours on a social security appeal is reasonable); *Bohannon v. Colvin,* No. 2:15-CV-111-JEM, 2017 WL 192334, at *2 (N.D. Ind. Jan. 18, 2017) (finding that the standard range of total hours work on social security litigation in the Seventh Circuit is 40-60 hours); *Schulten*, 2010 WL 2135474, at *6 (N.D. Ill. 2010) (finding the permissible range to be, generally speaking, 40 to 60 hours). Therefore, the Court finds that Plaintiff's requested hours are reasonable and reimbursable.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees is granted. The Court orders that Plaintiff is awarded $6,817.19 in attorney's fees and $400 in costs, for a total amount of $7,217.19 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Date: September 17, 2020          By: _____
                                       Lisa A. Jensen
                                       United States Magistrate Judge